JOEL WATERHOUSE, *Petitioner, versus* COUNTY COMMISSION-

ERS OF CUMBERLAND COUNTY.

Petitioners for an increase of damages for the location of a highway, can make their application to the Court of County Commissioners at any adjournment of the second next regular session after the location of the same; and such petition must be regarded as legally pending for that purpose, until the close of such second session.

Where the time had not arrived for closing the proceedings and completing the records in cases pending before county commissioners when the county of Androscoggin was effectually established, which were embraced in its provisions, it was the duty of the court to transfer them to the new county.

PETITION FOR MANDAMUS to compel the Court of Commissioners for Cumberland county to complete their records, and came before the full court upon an agreed statement of facts. The history of the case appears in the opinion of the court.

*J. C. Woodman,* counsel for the petitioners, argued that the proceedings upon the petition were properly closed before the county of Androscoggin was established, and not rightly transferred thereto, and cited the following authorities: *Dow* v. *True et al.,* 19 Maine R., 46; *Metcalf* v. *Hilton,* 26 Maine R., 200; *Bowker* v. *Porter,* 39 Maine R., 505;

Waterhouse *v.* County Commissioners.

*State* v. *John S. Carter,* 39 Maine R., 262; *Bray* v. *Kelley et als.,* 38 Maine R., 595; *Patten* v. *Kelley,* 38 Maine R., 215; *State* v. *Leach,* 38 Maine R., 432; *Fisher* v. *McGim,* 1 Greenl. R., 1; *State* v. *Staples,* 37 Maine R., 228; *Gurney* v. *Tufts,* 37 Maine R., 130; *Harding* v. *Butler,* 21 Maine R., 191; *Williams* v. *Burrill,* 23 Maine R., 144; *Longfellow* v. *Scammon,* 21 Maine R., 109; *Fales* v. *Goodhue,* 26 Maine R., 423; *Wingate* v. *Leeman,* 27 Maine R., 174; *Butman* v. *Holbrook,* 27 Maine R., 419; *Call* v. *Barker,* 27 Maine R., 97; *Robinson* v. *Barker,* 28 Maine R., 310; *Gilligan* v. *Spiller,* 29 Maine R., 107; *Fessenden* v. *Chesley,* 29 Maine R., 368.

*Anderson & Webb,* counsel for the respondents.

The original petition was pending on the 15th day of April, 1854, before the county commissioners of Cumberland county, and was properly transferred to Androscoggin county, in compliance with the requirements of the statute approved on that day, being chapter 87, of 1854.

1. The commissioners were required by law to continue the original petition till their second next regular session, after they laid out the road and estimated damages, to give an opportunity to persons aggrieved to claim redress. R. S., ch. 25, ss. 5 and 6.

2. They could not legally finish proceedings and make a record, so long as any person had a right to present a petition for redress, and that right continued until the final adjournment of their "second next regular session," which was in June, 1854; for a petition presented *at any* period of the session, is presented at a regular session; and the session of a court includes all its adjournments, which are but part of its session. R. S., ch. 25, ss. 5 and 21; statute of 1854, ch. 60; *Harkness* v. *Waldo Commissioners,* 26 Maine R., 356; *Parsonsfield* v. *Lord et als.,* 23 Maine R., 515; 32 Maine R., 356; statute of 1852, ch. 221.

3. Inasmuch as the commissioners might have continued the original petition beyond two terms without material error, while if they had closed proceedings before the two ses-

sions had expired, their action would have been void, they were the judges whether they had finished proceedings or not. *Orono v. County Commissioners*, 30 Maine R., 202; 35 Maine R., 378; 32 Maine R., 454.

TENNEY, C. J. The petitioner, representing certain proceedings to have been had under the petition of Charles Millett and als., touching the location of a highway through certain towns situated in the county of Cumberland, but which now constitute a part of the county of Androscoggin, and on account of such location was awarded certain damages by a committee, which have not been paid; and that the respondents having neglected to close and complete the record of said proceedings till the act establishing the county of Androscogging went into operation; after which, still refusing to complete said proceedings by making a record thereof in their book of record, ordered the original petition aforesaid to be transferred to the county of Androscoggin. He therefore prays that a rule from this court may issue to the respondents, commanding them to appear and show cause, if any they have, why they have neglected to complete the record of the proceedings aforesaid, at the times specified in his prayer; and why a mandamus should not issue to them to close the proceedings on said petition, and cause a record thereof to be completed as of preceding terms of this court, as therein mentioned.

It is admitted on the part of the respondents, that the facts set forth in the application for a mandamus are true. But the power of this court to grant the writ is denied.

It is manifest, from the facts presented in the application for the writ, that the respondents were not guilty of an omission of any acts which they regarded it as their duty to perform; but that they, in the exercise of a judicial power, treated the proceedings as still pending before them, till their authority over the original petition was taken away by the act establishing the county of Androscoggin, statutes of 1854, chs. 60 and 87, and that thereupon they transferred

those proceedings to that county, as they supposed, according to the provision of s. 1 of the chapter last named, was their duty.

On the eleventh day of October, 1852, the county commissioners for the county of Cumberland determined that the public convenience and necessity required the location of the highway referred to, and they laid out the same according to the petition before them, and made return of their doings under their hands, to the next regular session of the Court of County Commissioners, holden on the third Tuesday of December, A. D. 1852, and they awarded certain sums to the present petitioners as damages to the land severally owned by them, over which the highway was so laid out.

From the adjudication upon the petition for said highway, an appeal was taken to the Supreme Judicial Court, next holden in the county of Cumberland, commencing on the third Tuesday of January, A. D. 1853. Upon certain proceedings in the Supreme Judicial Court at the term thereof holden on the third Tuesday of April, A. D. 1853, the judgment of the Court of County Commissioners aforesaid was affirmed as to a part of the highway laid out, and reversed as to the residue. Judgment was rendered thereon, and an order passed that the same should be forthwith certified to the Court of County Commissioners, at their regular session, which was holden on the first Tuesday of June, A. D. 1853. This judgment of the Supreme Judicial Court was entered by the Court of County Commissioners upon its docket, and the matter was there continued till its term holden on the third Tuesday of December, A. D. 1853, which term continued open by several adjournments till June 1, 1854.

On April 15, 1854, the statute establishing the county of Androscoggin, went into operation. Chs. 60 and 87, of that year. The process touching the highway, on account of which the damages in question originated, were made transferrable to the county of Androscoggin, if the same was legally pending on that day, in the county of Cumberland.

The appeal from the Court of County Commissioners, taken at its April term, A. D. 1852, caused the proceedings therein to be stayed; they so continued till its June term, A. D. 1852; that court was not open for the reception of petitions for an increase of damages, claimed to have been caused by the location of the highway, during this period, for it could not be known that any land would be finally appropriated to the purpose prayed for in the original petition. Statute of 1847, ch. 28, s. 2. The session of the Court of County Commissioners, holden on the third Tuesday of December, A. D. 1853, was therefore the second next regular session after the location of the highway, as finally established; and this, and the next preceding session were those at which the persons aggrieved at the estimation of damages, might present their petitions for redress. R. S., ch. 25, s. 5. Was it competent for persons so aggrieved to make their applications for redress at any of the adjournments of the second session of that court, after the establishment of the road? "The session of a court includes all its adjournments, which are but parts of its session." *Parsonsfield* v. *Lord*, 23 Maine R., 511. It would seem unreasonable to adopt the construction that the legislature intended to limit the applicants to the day on which the court began its session for each term, when the term might continue for several consecutive days, without the intervention of any day when it held no session. This would be inconsistent with the apparent liberality of the provision, in allowing petitioners to come in at two terms instead of one, especially when the court on the first day of each session might adjourn to a subsequent day thereof, immediately after the court was opened. The statute certainly does not require, in terms, that the petitions for such purpose shall be presented on the first day of each session. The case is quite unlike that, wherein the county commissioners are required to return their doings to the regular session held next after proceedings shall have been had and finished, in locating a road, as determined in the case just

cited.   The reasons for the construction given to the statute referred to in that decision, are entirely inapplicable to the provision now under consideration.

It is the obvious meaning of the statute, that petitioners for an increase of damages can make their applications on the day next succeeding the one on which the session commenced; and if this could be done after the adjournment from the first to the second day, no reason is perceived for a denial of the right, at an adjournment for a longer period, or at any adjournment of the same session.   The time, therefore, had not arrived for closing the proceedings, and completing the record, when the county of Androscoggin was effectually established.

*Writ prayed for denied—petition dismissed.*